### D. C. HALCOMB ET AL. v. F. KELLY.

(Case No. 210-1213.)

1. INJUNCTION.— An injunction to restrain the execution of a judgment of a justice of the peace will not be granted for error in the decision, where the party, through negligence, has failed to prosecute a *certiorari*, or where he has any other adequate or complete remedy.

2. INJUNCTION.— See statement and opinion for facts held insufficient to authorize an injunction to restrain the execution of a judgment rendered by a justice of the peace.

3. PLEADING — PRACTICE — AMENDMENT.— An injunction was erroneously issued to restrain the enforcement of a magistrate's judgment for $10, on the ground, chiefly,

that the plaintiff had filed in offset in the justice's court a valid promissory note for $40, which had been disregarded by the magistrate. The plaintiff amending his pleadings, sought a recovery on the $40 note, and prayed a foreclosure of an alleged lien on a tract of land. *Held* —

(1) The amended petition could not support the original defective cause of action, and prevent a dismissal of the suit.

(2) To permit such an amendment would lead to uncertainty and confusion in practice, and would be an improper exercise of discretion on the part of the court.

APPEAL from Coryell. Tried below before the Hon. Thomas Nugent.

The appellee, Kelly, sought by his petition to enjoin a judgment against himself, rendered in a justice's court, in favor of Halcomb, for $10 and costs. Kelly alleged that he held a valid promissory note against Halcomb for $40, which he had filed and pleaded in offset against Halcomb's $10 account, but that his defense was disregarded and judgment rendered for Halcomb as above stated; that he filed an appeal bond with the justice of the peace, who approved it within ten days after the rendition of judgment; that the justice proceeded to issue execution against him on the judgment, which was levied on the horse of petitioner; and that Halcomb was insolvent. He prayed for a writ of *certiorari* to remove the cause to the district court and for an injunction to restrain the enforcement of the execution. The district judge granted the prayer so far as it related to the remedy of *injunction;* the fiat of the judge granted the "writ of injunction" and made the appropriate order for its issuance, without reference being made to the writ of *certiorari.* The plaintiff, Kelly, filed an amended petition, setting up the note of $40 as a ground of action against the defendant, alleging that it was secured by lien on a certain tract of land on Owl creek, in Coryell county, admitting a credit by payment of $10, and prayed for judgment.

The cause was submitted to the judge upon the facts and the law. In the record was a writ of *certiorari* issued by the district clerk, directed to the justice of the peace, to which was appended the sheriff's return showing that it had been executed by service upon the justice. The defendant filed motions to dissolve the injunction for want of equity in the bill, and also to quash the writ of *certiorari*.

The court sustained both of these motions, and on the hearing overruled defendant's exceptions to the petition and amended petition, and rendered judgment in favor of Kelly against Halcomb for $30, and decreed a perpetual injunction against the collection of the judgment against Kelly in the justice's court for $10 and costs.

*Thos. Rock*, for appellants.

[No brief for appellee has reached the Reporter.]

WALKER, P. J. COM. APP.— There is no evidence in the case upon which can be predicated the judgment or decree perpetuating the temporary injunction which was granted. The statement of facts shows, in effect, that in a justice's court the defendant Halcomb sued the plaintiff on an account for $10, against which Kelly pleaded in offset the $40 note which is set up in this injunction suit; that the jury found for Halcomb; that Kelly asked for a new trial because the jury "ignored" his offset and rendered judgment against him; that he then appealed to the district court, and gave bond for appeal. The plaintiff introduced in evidence the note, and testified as a witness that the justice informed him that no appeal could be taken from the judgment, because the amount of the same was not appealable.

Clearly these facts furnish no ground for the interposition of the equitable remedy of injunction; a writ, the province of which is not to serve the purpose of a mere writ of revision and for the correction of errors. Not only were the facts proven inadequate, but the petition itself was insufficient; it discloses no sufficient ground for the issuance of the writ. 1 High. on Inj., secs. 237–244.

An injunction to restrain the execution of a judgment of a justice of the peace will not be granted for error in the decision, where the party, through negligence, has failed to prosecute a *certiorari*, or where he has any other adequate and complete remedy. Fitzhugh *v.* Orton, 12 Tex., 5.

In this case the plaintiff sought both remedies, but the judge did not grant the legal remedy, *certiorari;* and that by injunction is not supported in the petition by the averment of circumstances which entitle the plaintiff to that redress. At any rate, the evidence adduced on the trial totally failed to establish a basis for injunction.

If the plaintiff, Kelly, had been entitled to the protection of injunction by reason of the alleged insolvency of Halcomb (which was not proven to be true), he having pleaded in offset the note which he held, it devolved upon him, in his petition for *certiorari*, to have rendered clear and apparent what had been the action of the justice and jury trying the case, in respect to the note thus pleaded. It does not follow that merely because he had before the trial filed the note with the justice, that therefore the verdict which the jury rendered was erroneous. It was the province of the petition to show

the error which would entitle the petitioner to the writ of *certiorari*. He had the opportunity to pursue and obtain legal redress, and if he failed to do so, equity does not relieve him against his neglect or failure. See Long *v.* Smith, 39 Tex., 160; Bills *v.* Scott, 49 Tex., 430.

We are of opinion that there was no merit in the bill, and that it ought to have been dismissed.

The plaintiff filed an amended petition which set up a new and distinct cause of action; it was an action of debt and foreclosure brought on the $40 note, and praying for foreclosure of the alleged lien upon a tract of land. We do not think that this amended petition can be allowed to support the original defective cause of action, so as thereby to prevent a dismissal of the original suit. The joinder, by amendment, of actions so various in kind as those of petition for *certiorari*, injunction, debt and foreclosure of lien on land, ought not to be encouraged by the courts, leading, as such a practice must do, to uncertainty and confusion.

We think it would be an abuse of the privilege allowed to litigants to amend their pleadings under the direction of the court, and an improper exercise of the discretion of the court thus to sanction an amendment of the character of that which was permitted in this case.

We conclude that the judgment ought to be reversed and the cause dismissed.

REVERSED AND DISMISSED.

[Opinion delivered October 25, 1882.]