## E. P. ANDERSON v. OLDHAM & WARD.

### No. 3276.

1. **Pleading — Injunction.—** In a petition for an injunction against an execution on the ground that the judgment under which it issued had been rendered in violation of an agreement made between counsel for the parties, it should be alleged that the attorneys making such agreement had authority to make it, or that the parties had ratified it. The absence of such allegation is a fatal defect.

2. **Case Adhered to.—**Freeman v. Miller, 53 Texas, 372, adhered to, touching the rule in suits to enjoin judgments, viz., diligence in making defense before the judgment and that it is clearly inequitable and unjust.

3. **Judgment Against Garnishee. —** A garnishee seeking to enjoin a judgment against him in his petition should distinctly deny the existence of the indebtedness sought to be reached by garnishment proceedings.

4. **Neglect to Make Defense. —** A defendant seeking to enjoin a judgment entered in alleged violation of an agreement should allege facts excusing his failure to have the proper judgment entered, or proceedings by appeal or certiorari when proceedings were in a Justice Court.

5. **Levy, Order of Making.—**Revised Statutes, article 2287, is not violated by a levy upon improved lands of the defendant while he owned personal property and unimproved lands in the county, when it appears that the defendant had an opportunity to point out property to the officer before the levy was made and did not exercise that right.

6. **Pointing out Property to be Levied Upon.—**That defendant told the officer that "he had horses in his lot here in town subject to execution sufficient and more to satisfy said execution, and to levy on them," is not such a pointing out of personal property as would invalidate the act of the officer in levying the execution upon land.

7. **Same. —** The statute (article 2287) requires that the owner should deliver the personal property to the officer, or to furnish the officer with some identification of it so that he could take possession.

8. **Pleading — Petition for Injunction. —** See allegations defective in detail of facts sufficient to support an injunction restraining sale of improved real estate, while the plaintiff owned personal property and unimproved lands.

APPEAL from Ellis. Tried below before Hon. ANSON P. RAINEY. The opinion states the case.

*Tom P. Whipple,* for appellant.—1. The court erred in sustaining appellees' motion to dissolve the injunction, because said petition does show equity.

(1) It shows an agreement between Oldham & Ward, appellees, and appellant, which was violated and a fraud perpetrated upon appellant.

(2) It shows absolute void judgment which appellees were seeking to enforce.

(3) It shows an execution under which appellees are seeking to sell appellant's lands, and against a party not named in said judgment.

(4) It shows by its allegations that the officer in whose hands said execution was placed acted in direct violation of law and appellant's rights by refusing a tender of money and a levy on personal property,

and levying upon appellant's improved and unimproved lands alike, and that plaintiff had unimproved lands and personal property subject to execution. Freeman v. Miller, 53 Texas, 372; Nevins v. McKee, 61 Texas, 412; Forbes, Brook & Co. v. W. G. Hill, Dall., 486; Rev. Stats., art. 2287; Cook v. A. de la Garza, 13 Texas, 431; Taylor, Knapp & Co. v. Fore, 42 Texas, 256; Ross v. Lister, 14 Texas, 469; Bedwell v. Thompson, 25 Texas Supp., 247.

2.  The court erred in sustaining appellees' motion to dissolve, in that this was not only an attempt to revise the acts of a Justice Court, but was also an attempt to stop the sale of lands not only wrongfully levied upon, but levied upon by virtue of a void execution issued from a judgment absolutely void, and if not void, obtained by fraud. Freeman v. Miller, 53 Texas, 372.

3.  The court erred in sustaining the motion to dissolve, in that appellant made tender to officer and pointed out personal property of his own subject to execution sufficient to satisfy said judgment, it not being necessary for one to tender money after having done so. Edrington v. Allsbrooks, 21 Texas, 186; Lynch v. Elkes, 21 Texas, 229; Smith v. Frederick, 32 Texas, 256.

*Groce & Templeton*, for appellees.—1.  A party applying for an injunction should make his allegation direct and not inferentially. To conceal an important fact is fatal; not to set out all the documents having a material bearing upon the case is also fatal. High on Injunc., 2 ed., sec. 1575.

2.  A judgment even obtained by fraud is not void, and in any case the party complaining must be absolutely free from all negligence. High on Injunc., 2 ed., sec. 114; 53 Texas, 377; 74 Texas, 412.

3.  The petition for injunction should show a good defense to appellee's entire cause of action, or so much of it as he proposes to litigate. 53 Texas, 377; High on Injunc., sec. 130.

4.  It is no ground for injunction that the officer levies on land without demand. The party injured has his remedy for damages. High on Injunc., secs. 113, 114, 1474.

STAYTON, CHIEF JUSTICE.—Appellant sought to restrain by injunction the sale of land levied upon under an execution issued against him on a judgment for $123.07 rendered against him in favor of appellees on July 31, 1889. The judgment was rendered against appellant as garnishee to enforce a judgment against the Ellis County Fair Association held by appellees, and was rendered after he was served with proper process.

The petition bases appellant's right to injunction on many grounds, but there are only some of them which with any plausibility might be relied upon for such relief. It is claimed that the judgment was en-

tered in violation of an agreement made between counsel for the respective parties, to the effect that a judgment should be rendered against appellant as garnishee for $30, and that in violation of this agreement the judgment in question was rendered. The petition shows that the writ of garnishment was served on December 14, 1888, and that "after the service of said writ, he (appellant) requested Tom Whipple, an attorney at law, to look after said garnishment suit, and that he is informed and believes that the said Tom P. Whipple saw and consulted with M. B. Templeton, a member of a firm of lawyers doing business in the city of Waxahachie in the name of Groce & Templeton, and attorneys for Oldham & Ward in said garnishment suit, and agreed with said Templeton that in said garnishment suit Oldham & Ward should take a judgment against E. P. Anderson for the sum of $30, and for that reason plaintiff's (E. P. Anderson's) attorney did not examine the papers in said garnishment suit." The affidavit of Whipple showing substantially such a state of facts was made an exhibit to the petition, from which it further appears that Whipple filed an "informal answer," as to the contents of which the petition is silent. The petition further states as follows: "Plaintiff would further show, that on, to-wit, the 31st day of July, 1889, and before said judgment was rendered against plaintiff herein, he filed in the Justice Court of Precinct No. 1, where said garnishment suit was instituted, his answer, a copy of which is hereto attached, marked exhibit C, and made part hereof. That on the same day he filed an answer for J. G. Cole." Then follows an averment of breach of the agreement. Although the petition alleged that the answer filed on July 31 was made an exhibit, this seems not to have been done, and we are not informed of the defenses set up by it, although it was alleged to have been filed by appellant on the same day the judgment of which he complains was rendered against him.

The petition does not allege that Whipple was authorized to make such an agreement, as it is claimed that he did make, and this can not be presumed, in a case like this, from an averment that he requested him "to look after said garnishment suit." It is not averred that the attorney had authority to bind him by such an agreement, nor is it averred that the attorney for Oldham & Ward had authority to bind them by such an agreement; nor is there an averment that the making of such on agreement by attorneys was ratified by their clients or either of them.

If the answer filed by appellant on the day the judgment was rendered set up the agreement, that fact should be made to appear, and it should have been further alleged that relying upon its observance plaintiff gave no further attention to the case, expecting the judgment to be entered in accordance with it. That answer may have attempted to set up a defense to the entire claim asserted through garnishment

and have operated as a repudiation of the very agreement now relied upon, and it may have denied the power of the attorneys to make it. The petition in the respects noticed was defective. If a judgment had been rendered in accordance with the alleged agreement, much might be presumed in favor of the attorneys' authority to make it; but as all the parties were before the court, and a judgment other than that which it is claimed should have been entered by agreement was rendered, we think there should have been an averment of authority in the attorneys to make it, and that in the absence of this the petition was fatally defective. Williams v. Nolan, 58 Texas, 713; Roller v. Wooldridge, 46 Texas, 495; Carter v. Roland, 53 Texas, 545.

If, however, the petition could be held to show a sufficient reason why appellant did not make the defense which he now practically seeks to make, the petition is fatally defective in another respect.

Appellant now seeks to enjoin the judgment rendered against him; and, as said in Freeman v. Miller, 53 Texas, 377, "The true rule in such cases is, that to entitle a party to relief in equity he must show, (1) that his failure to make full answer was not attributable to his own omission, neglect, or default; (2) that he has a good defense to the entire cause of action or to such part of it as he proposes by his petition to litigate. It is not enough to show that he was not guilty of neglect in permitting the judgment to go by default, but he must also clearly show that it is inequitable and unjust to permit it to be enforced. Hair v. Labuzan, 19 Ala., 224; Drake on Attachment, 658e; Kerr's Injunc. in Eq., secs. 14–17."

The petition in this case in effect admits an indebtedness to the Ellis County Fair Association of $40, but it contains no averment which can be construed into an allegation that plaintiff was not indebted to that association in a sum as large as that for which judgment was rendered against him as garnishee, and he makes no tender of any sum, though he does allege that he offered to pay to the constable who made the levy $30, and now prays that the sale of any part of the land levied upon be enjoined. If he was indebted to the Ellis County Fair Association as much as the judgment against him, it will not be inequitable or unjust for him to pay that sum to Oldham & Ward, and the judgment against him will fully protect him against any claim of the association.

Appellant is an attorney at law, was duly cited to appear and answer as garnishee, filed an answer for himself and another on the very day the judgment against himself and client was rendered, the judgment against both was in the same entry though several, and the court below on the averments might well have held that appellant's negligence in not seeing what judgment was rendered before the time elapsed within which he could prosecute an appeal or writ of certiorari was such as to deny him equitable relief, even if he had shown that he was otherwise entitled to it.

It is claimed, however, that the sale of appellant's improved land should be enjoined because he had personal property and unimproved land which should have been first subjected to payment of the judgment, if his other grounds for injunction could not be sustained.  The petition alleges that the officer who levied the execution knew that appellant had personal property within the county subject to execution, and that without demanding a levy he levied upon lands described, which, including improvements thereon, was of value largely in excess of the sum he was directed to collect. · It also alleges that another defendant in the execution was known by the officer to have personal property, but that no effort was made to subject the same to the execution.

Following these averments, the petition alleges: "That said Cantrell (the constable having the execution) told plaintiff that M. B. Templeton had ordered him to levy on the plaintiff's land.  That plaintiff told said Cantrell then and there that he (plaintiff) had horses in his lot here in town subject to execution, sufficient and more to satisfy said execution, and to levy on them.  Said Cantrell refused  *  *  *  to make said levy as requested, but levied upon said above described lands and advertised same for sale on the 7th day of January, 1890. *  *  *  That this plaintiff has personal property subject to execution sufficient to satisfy said debt, as well as unimproved lands."

There is also a broad declaration that the levy was illegal: "(1) Because no demand of levy was made.   (2) Because plaintiff herein had personal property subject to execution, and pointed same out to the officer.   (3) Because plaintiff had unimproved land sufficient to satisfy said debt, which fact was well known to all of defendants herein." These are all the averments of the petition bearing on the question now under consideration.

Taking these averments together the inference is almost irresistible that, while the officer may not have demanded that appellant should point out property to be levied upon, appellant had an opportunity to do so before the levy was made, and if he did not exercise that right, as the statute provided he might, it is unimportant that no actual demand was made, or that the officer may have known that he owned personal property which should have been levied upon, in so far as plaintiff's right to the relief he seeks is concerned, whatever may be his right as against the officer making the levy, for there is no averment that appellees or their attorney directed the levy upon the lands.

The statute provides that "The officer shall first call upon the defendant, if he can be found, or if absent, upon his agent within the county, if known, to point out property to be levied upon; and a levy shall first be made upon property designated by the defendant or his agent; provided, that if it be personal property the defendant or his agent deliver the same into the officer's possession; or, if it be real estate, that he deliver to the officer a description thereof by metes and bounds,

and that it be situated in whole or in part within the county." Rev. Stats., art. 2287.

Was the declaration of appellant to the constable, "that he had horses in his lot here in town subject to execution sufficient and more to satisfy said execution, and to levy on them," a sufficient designation under the statute? The statute does not seem to make a mere designation of personal property sufficient to require the officer to levy upon it; but further requires that the owner of such property desiring to have it levied upon shall deliver possession thereof to the officer; by which, however, we do not understand is meant necessarily an actual delivery, but that the property must be identified in some way and placed subject to the right of the officer to take possession of it. The averments of the petition do not show such a state of facts, but show merely a request to levy upon some horses in some lot of defendant situated at some place in some town. From the petition we can not know that the horses were in Ellis County, for there is no statement to that effect; nor can we know in what town they were, unless we may infer from the fact that this suit was filed in Ellis County that the town referred to was the county seat of that county. In petitions for injunction, which must be sworn to, the facts must be stated and not left to inference; and looking through the entire petition we find no averment that appellant at the time the levy was made had in Ellis County personal property subject to execution sufficient to satisfy the execution in the hands of the officer, and that this he so designated as to make it the duty of the officer to levy upon it.

The petition states that appellant "*has* personal property subject to execution sufficient to satisfy said debt, as well as unimproved lands," but he does not state that he *had* this when the levy was made, nor that it was then in Ellis County. All the averments in the petition may be literally true, and yet no such state of facts shown as made it the duty of the officer to levy upon property other than that levied upon, and the court did not err in holding the petition in this respect insufficient. Ross v. Lister, 14 Texas, 469; Cook v. De la Garza, 13 Texas, 431.

We think that the bill failed to show that the appellant was entitled to the relief he asked, and that it was evasive, and on these grounds, as well as others urged against it, that the court did not err in dismissing it.

The judgment will therefore be affirmed.

*Affirmed.*