## PRICE et al. v. LOGUE.

(Court of Civil Appeals of Texas. Amarillo. March 7, 1914.)

1. JUDGMENT (§ 461*)—EQUITABLE RELIEF—BURDEN OF PROOF.

In an equity suit to be relieved from liability on a judgment because of the release of the principal obligors on the note sued on, the burden is on the complainants to show the release.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 892, 893, 895; Dec. Dig. § 461.*]

2. VENDOR AND PURCHASER (§ 261*)—MERGER—LEGAL AND EQUITABLE TITLE.

Where a deed is given to a vendor by the vendee to satisfy the indebtedness and the vendor before that time has sold the note to another, the legal and equitable title do not coalesce in the vendor's hands, but he holds the land subject to the lien he has transferred.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 674–686, 688–695; Dec. Dig. § 261.*]

3. ATTORNEY AND CLIENT (§ 101*)—AUTHORITY—SETTLEMENT OF JUDGMENT.

An attorney cannot bind his client in the settlement of a judgment unless he was specifically authorized so to act.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 209–216; Dec. Dig. § 101.*]

Appeal from District Court, Armstrong County; Jas. N. Browning, Judge.

Suit by W. A. Price and others against Roscoe Logue. From a judgment for defendant, complainants appeal. Affirmed.

Knight & Slaton, of Hereford, Synnott & Underwood, of Amarillo, and J. S. Stallings, of Claude, for appellants. R. R. Hazlewood, of Amarillo, and W. A. Wilson, of Claude, for appellee.

HUFF, C. J. The appellant Price brought suit to enjoin appellee, Roscoe Logue, and J. D. Woodburn, on a certain judgment rendered in the district court of Armstrong county, in favor of Roscoe Logue, against appellants Price and Woodburn, and in favor of Woodburn over against Price. The trial court, by judgment, refused relief prayed for, and in this case filed findings of fact and conclusions of law. The appellants Price and Woodburn appeal therefrom. The facts will disclose the issues.

On the 6th day of January, 1909, J. D. Woodburn, by general warranty deed, conveyed to W. A. Price a certain block of land in the town of Hereford, and as a consideration therefor W. A. Price executed his note payable to the order of J. D. Woodburn, in the sum of $600, due two years after date, with 8 per cent. interest from date, and the usual 10 per cent. attorneys' fees. A vendor's lien was retained in the note and deed to secure the payment of the note. W. A. Price thereafter by deed conveyed the land to Mrs. Minnie Witthauer, and at the request of her husband, for the consideration of $750, $50 of which was the amount due her husband, Ed Witthauer, for commission in the sale of land, and $100 cash paid by him, and also a cash payment of $100 credited on the note, and the assumption of the balance due on the note. The deed was executed to Mrs. Witthauer, at the request of her husband. She at that time knew nothing of the transaction. Ed Witthauer also assumed the payment of the balance due on the note. The note was transferred thereafter to Roscoe Logue by J. D. Woodburn, the payee in the note, by indorsement. After maturity, suit was brought on the note in the district court of Armstrong county, against Price, Woodburn, and Ed Witthauer, to recover the sum due thereon and to foreclose the vendor's lien on the land. Ed Witthauer was served by nonresident notice; he at that time, and since, residing in the state of Kansas. Personal service was had on Price and Woodburn in this state. Judgment was taken for

the sum of $611.55, with foreclosure of the vendor's lien. Woodburn answered in that case by attorney. Price and Witthauer made default. Personal judgment was rendered against Price and Woodburn, jointly and severally, for the debt with a foreclosure of the lien and also a foreclosure of the lien as against Ed Witthauer by default. Woodburn was given judgment over against Price for any amount which he might be compelled to pay on the judgment; the court finding in that judgment that Woodburn was liable on the note as indorser. That judgment was rendered April 4, 1911. Execution and order of sale were duly issued and levied on the land in question; but, for some reason not fully disclosed by the record, the sale was not made.

June 2, 1912, the Witthauers, husband and wife, by deed made to J. D. Woodburn, for the recited consideration of $600 and purporting to convey the land, sent the deed to the First National Bank of Claude, together with a letter instructing the bank to deliver the deed to J. D. Woodburn, "upon the surrender of a note given by W. A. Price to J. D. Woodburn, in the sum of $600.00, and interest; also ask that you get judgment against Ed Witthauer canceled on the records of Deaf Smith county, Texas. The above note was assumed by Mrs. Witthauer." The letter was signed by Ed Witthauer. It is admitted that James Logue is the father of Roscoe Logue, and had authority to act for his son, and in fact he was the beneficiary in the suit of foreclosure and controlled the same as such. The facts show, some time after the Witthauer deed was received by the bank, that J. D. Woodburn offered James Logue $250 in money if he would accept a deed to the premises in question and release him (Woodburn) from further liability. This proposition Logue refused to accept. Neither James nor Roscoe Logue were in any way connected with or instrumental in getting the Witthauers make the deed to J. D. Woodburn and to send it to the bank and had nothing to do with taking it from the bank and having it placed of record in Deaf Smith county, unless the act of attorney W. A. Wilson, who represented Logue in the foreclosure proceedings, was acting for Logue at the time the deed was taken from the bank and by his act bound Logue in the transaction. W. A. Wilson, in the summer of 1912, got the deed made by the Witthauers to J. D. Woodburn from the bank and caused the same to be recorded in Deaf Smith county, on March 4, 1913. The deed from the Witthauers was made at the instance of J. D. Woodburn, who previous thereto wrote Witthauer, asking if he could see him while in Kansas; and while Woodburn was in Kansas he saw Witthauer, who then promised to make the deed and send it to the bank, but upon the condition that the note should be turned over to him and the judgment against him canceled or released. Woodburn, after the deed was placed in the bank, made the proposition to pay the $250 and deed the land to Logue. This Logue refused to accept. A day or so thereafter Logue met Mr. Wilson in the county clerk's office and casually mentioned the fact of the deed being in the bank. The trial court finds, and the evidence sustains it, that Wilson, on his own accord, went to the bank and secured possession of the deed and thereafter had it recorded without the knowledge or consent of either Logue or Woodburn, both of whom disclaimed any right to or under the deed. The court finds, and the evidence sustains the finding, that Logue knew nothing of this act on the part of Wilson until after the suit now prosecuted was first filed, which appears to have been dismissed and reinstituted. Logue's judgment has not been paid or any part of it. Logue did not authorize Wilson to take the deed from the bank and record it or turn over the note to the bank or cancel and satisfy the judgment thereon with the foreclosure. Whatever Wilson did in such matter was without authority from Logue. Logue did not ratify his act in any way, but refused to take less than the full amount of his judgment according to its terms.

[1-3] This being a suit in equity by Price and Woodburn, to be relieved from the judgment entered against them because of the release of the principal obligors, the Witthauers, on the note, the burden was on them to show such release. When the deed was made, Woodburn at that time had transferred the note to Logue, which was secured by a lien on the land. The legal and equitable title did not therefore coalesce in Woodburn's hands. He, if the deed was valid, held the land subject to the lien he had transferred; but it is asserted he did not accept the deed, and that Logue procured the deed and placed it of record for his own benefit, and therefore the legal title is held in trust or by Woodburn for Logue, the beneficiary. Without discussing the effect this transaction would have if the facts supported it, the findings of the trial court as to the facts, which are amply supported by the evidence, dispose of that issue.

It is contended, if Logue did not do so, his attorney in the foreclosure did it, and Logue is therefore bound thereby. In order to bind Logue by the act of Wilson, it is necessary to allege and prove that Wilson was acting for Logue in the matter, and at his instance and request. An attorney cannot bind his client in the settlement of the judgment unless he was specially thereunto authorized so to act. The evidence is clear, positive, and all one way that Wilson had no such authority. Anderson v. Oldham, 82 Tex. 228, 18 S. W. 557; Cook v. Greenberg, 34 S. W. 687; Taylor v. Evans, 29 S. W. 172. It is also urged that Logue ratified the acts of Wilson. We find no allegation in ei-

ther of the appellants' pleadings to ·that effect, but it is said Logue, after he learned the deed had been taken, told the bank to which the deed had been sent that he would see that it should not suffer. The evidence is that he did not know of this act on the part of Wilson until after this suit was filed. We do not think this evidence a ratification. He in no way accepted the deed, but told Woodburn, when he tried to get Logue to accept it, that he would not take it; that he wanted his money on the judgment.

We think, under the evidence in this case, that Logue is entitled to enforce his judgment against Price and Woodburn and sell the land under foreclosure. If it should be admitted Woodburn got the deed in order to make the property bring more at public sale and that Logue assented thereto, this would not, under the facts, create a merger in so far as Woodburn is concerned, for it clearly was not the intention of the parties that it should do so. Hapgood v. Bank, 23 Tex. Civ. App. 506, 56 S. W. 995. In such an event only the issue between Price and Woodburn would ·be raised as to which should be treated as the principal obligor. This, however, is not necessary to discuss. As we view the findings of the court, and the evidence in support thereof, Woodburn did not accept the deed under the conditions prescribed by the Witthauers. The court also finds that Logue did not do so. The Witthauers did· not convey the land unless the conditions stipulated by them were accepted. There was therefore no conveyance of the land, and the parties are in the same position as if no deed had been made and placed of record. The Witthauers are not released thereby, and Woodburn has no conveyance, and the same now stands as it did when the judgment in the foreclosure proceeding was originally rendered.

We find no error in the judgment of the trial court, and it is in all things affirmed.