## A. B. RICHARDS MEDICINE CO. v. DALE.
### (No. 1526.)

Court of Civil Appeals of Texas. Beaumont. April 23, 1927.

Rehearing Denied May 4, 1927.

1. **Justices of the peace** ⬥⟿128(2)—One not appealing from judgment in justice court could not resort to injunction to avoid same (Rev. St. 1925, arts. 946, 2460).

Where defendant in justice court, against whom judgment was rendered, did not sue out writ of certiorari to have justice court judgment reviewed, under Rev. St. 1925, arts. 946 and 2460, he could not resort to injunction to avoid same, since he had a perfect and available remedy at law.

2. **Justices of the peace** ⬥⟿119(2)—Where justice court had jurisdiction of subject-matter and parties and defendant was cited to appear, judgment against him was valid.

Where justice court had jurisdiction of amount involved and of parties and defendant in suit was duly cited to appear and answer but did not do so because he claimed he did not owe plaintiff anything, judgment rendered against him was valid.

3. **Justices of the peace** ⬥⟿128(1)—That intervener appeared in injunction suit affecting its judgment in justice court did not justify district court's retrying case on merits.

That intervener appeared in case to defend itself against injunction proceeding affecting its judgment in justice court did not warrant district court in assuming authority to review and retry on merits as on appeal, question passed upon by justice court.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Suit by P. V. Dale against J. F. Parrott, Constable, to enjoin the collection of a judgment of the justice court, in which the A. B. Richards Medicine Company intervened. From a judgment perpetually enjoining the collection of the justice court judgment, the intervener appeals. Reversed and injunction dissolved.

C. Huggins, of Sherman, and J. J. Greve, of Nacogdoches, for appellant.

S. M. Adams, of Nacogdoches, for appellee.

O'QUINN, J. Originally, this was a suit filed by appellee in the district court of Nacogdoches county, Tex., against J. F. Parrott, constable, to enjoin the collection of a judgment of the justice court, out of which an execution had been issued and placed in his hands for collection. Appellant, A. B. Richards Medicine Company, plaintiff in execution, intervened in the suit.

The grounds for injunctive relief were that the debt, upon which the justice court was founded, had been paid prior to the justice court suit, and that at the time of the rendition of the justice court judgment the defendant in the suit did not owe plaintiff anything.

Trial was had before the court and judgment rendered perpetually enjoining the collection of the justice court judgment, from which plaintiff in execution has appealed.

The record discloses that the A. B. Richards Medicine Company, Incorporated, domiciled at Sherman, in Grayson county, Tex., sued appellee, Dale, who was a merchant doing business at Garrison, Nacogdoches county, Tex., on an account in the justice court of precinct No. 1 of Grayson county, and obtained judgment on December 29, 1924, in the sum of $37.91. Dale, though duly cited, did not appear or make any defense. The execution complained of in the instant suit was issued out of said justice court and placed in the hands of Parrott, constable, on January 9, 1925. This suit to restrain Parrott, constable aforesaid, from levying the execution upon the property of Dale was filed March 5, 1925, and a temporary injunction granted by the court and the cause set for regular hearing on September 7, 1925. The cause came on to be heard on October 22, 1926, and judgment perpetuating and forever enjoining the collection of said judgment was rendered.

The judgment must be reversed and the injunction dissolved because:

[1] (1) The judgment was rendered in the justice court on December 29, 1924. The execution issued on January 9, 1925. This suit was filed in the District Court of Nacogdoches county to restrain the collection of said judgment on March 5, 1925. No appeal was taken

---

⬥⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from the justice court judgment, but at the time this suit was filed for injunction to restrain the levying of the execution, Dale could have sued out a writ of certiorari and had the justice court judgment reviewed. Articles 946 and 2460, Revised Civil Statutes 1925. This he did not do. Therefore, having a perfect and available remedy at law against the justice court judgment, he was not entitled to resort to injunction to avoid same. Railway v. Ware, 74 Tex. 47, 49, 11 S. W. 918; Railway v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200; Odom v. McMahan, 67 Tex. 292, 3 S. W. 286; Dodge v. Youngblood (Tex. Civ. App.) 202 S. W. 116; Southern Surety Company v. Texas Oil Clearing House (Tex. Com. App.) 281 S. W. 1045.

(2) It appears from appellee's petition for injunction and his testimony given on the trial that he was duly cited to appear and defend the suit in the justice court, but that he did not do so because he said that he had already paid the account on which the suit was founded, and that, therefore, he did not owe plaintiff in said suit anything. So, it appears that the judgment was not void, nor was it obtained through fraud, accident, or mistake, such as would afford grounds for setting same aside, and that if said judgment was erroneous as not being just, he had the opportunity of showing such to be the case by appearing and making his defense of payment, and that his negligence in not doing so resulted in the judgment against him. The petition not only shows the matter stated, but fails to show any reason for not appearing and presenting his defense, nor for failing to resort to an appeal or writ of certiorari to review the judgment. Anderson v. Oldham, 82 Tex. 228, 18 S. W. 557; Halcomb v. Kelly, 57 Tex. 618; Railway v. Dowe, 70 Tex. 1, 4, 6 S. W. 790; Railway v. Young (Tex. Civ. App.) 137 S. W. 380; Flow v. Railway (Tex. Civ. App.) 149 S. W. 1081; Corcanges v. Childress (Tex. Civ. App.) 264 S. W. 175; Toombs Sash & Door Company v. Jamison (Tex. Civ. App.) 271 S. W. 253.

(3) The district court has no power to grant an injunction to enjoin the enforcement of a judgment of a justice court, where an appeal would lie and the losing party has not availed himself of the right to appeal or obtain a writ of certiorari. To do so would be to subject the judgment of justice courts to be set aside and reversed by the district court by means of injunctions because the judgment was thought to be erroneous and contrary to the principles of law and good conscience. If a defendant might have had his day in court and by his own negligence failed to appear, or if he had had a trial that resulted adversely to him and he failed to avail himself of his remedy by appeal, where appeals are allowed by law, no reason can be given why he should have another trial in another court, or why another court should interfere to review the proceedings or arrest the judgment. The justice court has the right to grant new trials, and, if it refuses to do so, another court cannot invade its jurisdiction and grant a new trial for it. In the petition for injunction in this case by appellee, the wrong complained of was cognizable by the justice court, was considered and decided by that court, and because it was thought there was error in the proceeding and that an illegal and an unjust conclusion had been reached by the judgment, the district court was asked to grant an injunction to set aside the judgment and perpetually enjoin its enforcement. No new trial was asked in the justice court, nor was there any appeal from the judgment, nor application made for writ of certiorari, although same would have been timely at the time this suit for injunction was filed. Taking the allegations of appellee's petition for injunction as true, there was evidently injustice done him, but it was such as could have been remedied by the justice upon motion for new trial, or, if that was denied, then by appeal. Railway v. Dowe, 70 Tex. 1, 4, 6 S. W. 790; Odom v. McMahan, 67 Tex. 292, 3 S. W. 286.

[2] Appellee insists that the judgment of the district court should be affirmed because the judgment of the justice court was void, and that the granting of the injunction to arrest same was proper. If the judgment was void, this contention would be sound. Railway v. Young (Tex. Civ. App.) 137 S. W. 380. But the judgment is not void. The justice court had jurisdiction of the amount involved, and of the parties. The defendant in the suit was duly cited to appear and answer. He did not do so, he says, because he did not owe the plaintiff anything. Judgment was rendered against him, and he neither asked for a new trial nor appealed from the judgment.

[3] Appellee further insists that the judgment should be affirmed, because, he says, the appellant voluntarily appeared, made itself a party to the controversy, submitted itself to the jurisdiction of the court on a matter of fact, and took part in the trial of the case, and, therefore, it cannot be heard to complain that the court was without power to hear and determine the matter. This contention cannot be sustained. The question at issue in the trial was whether appellee was entitled to an injunction restraining appellant from the collection of its judgment, not whether appellant should have judgment for its debt—that had already been determined in the justice court. The new trial was not one de novo as to appellant's right to recover, for such trial could be had only upon proper appeal from the judgment of the justice court. Appellant appeared in the instant case for the purpose of defending itself against an injunction proceeding affecting its judgment already in existence. This did not warrant

the district court to assume authority to review and retry on its merits as on appeal the question passed upon by the justice court.

For the reasons stated, the judgment is reversed and the injunction dissolved.