**NATIONAL AUTOMOBILE AND CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Rufus WEBB et al., Appellees.**

No. 3231.

Court of Civil Appeals of Texas.

Waco.

Feb. 24, 1955.

Rehearing Denied March 24, 1955.

M. E. Clough, Dallas, for appellant.

O'Dowd & O'Dowd, Waco, for appellee.

TIREY, Justice.

This is an appeal from an order dismissing an application for permanent injunction. It does not yield to a simple statement.

On the 4th day of May, 1954, Rufus Webb recovered judgment on a compensation claim in the 19th District Court of McLennan County from the National Automobile and Casualty Insurance Company the sum of $2,834, and the court decreed that of this sum $719.40 shall be paid in a lump sum and the remainder thereof be paid at the rate of $21.80 per week for a period of 97 weeks, with 6% interest on each installment not paid at maturity, and for costs. The court

further decreed that E. H. O'Dowd and M. M. O'Dowd, attorneys for Rufus Webb, recover ⅓ of the amount and fixed a judgment lien to that extent on all sums recovered by the plaintiff, and provided that they should have their execution.

The Insurance Company seasonably filed its motion for new trial, which was overruled, and it gave notice of appeal. Pending the appeal the attorneys for Rufus Webb entered into a verbal agreement with the attorney for the Insurance Company whereby the attorneys agreed that if the Insurance Company would pay a lump sum of $1,850, it would be accepted in full settlement. The attorney for the Insurance Company relied on this verbal agreement and did not perfect its appeal to this court. Thereafter it ascertained that the plaintiff Rufus Webb would not accept the settlement agreed to by his attorneys and was threatening to cause execution to be issued on the judgment heretofore rendered. Thereafter the Insurance Company filed its original petition in the 19th District Court setting up the aforesaid facts, and among other things specifically alleged: "That prior to said judgment becoming final defendant E. H. O'Dowd, acting for himself and the firm of O'Dowd & O'Dowd, and as attorneys of record for Rufus Webb, plaintiff in said judgment, and defendant herein verbally contracted, promised and agreed with the plaintiff herein, by and through M. E. Clough, its attorney of record, to settle, compromise and release said judgment heretofore pleaded in consideration of the payment to Rufus Webb and O'Dowd & O'Dowd, his attorneys of record, the sum of $1850.00 in one lump sum, which was accepted and agreed to by plaintiff herein." Plaintiff further alleged in effect that before the judgment herein referred to became final and the time had not expired in which to perfect its appeal that it prepared and had delivered to O'Dowd & O'Dowd a release of the judgment to be signed by Rufus Webb and O'Dowd & O'Dowd, and that he contacted O'Dowd & O'Dowd with reference to this release and at that time it was assured by O'Dowd & O'Dowd that the suit and judgment had been settled as

per the terms here pleaded and that the court had been informed by said attorneys that the cause and judgment had been settled. It further alleged that unless defendants are restrained and enjoined they will breach their contract and order the Clerk of the District Court to issue execution on said judgment, and that the Clerk will issue the same, and that the collection of the judgment in full will work an irreparable injury and injustice on plaintiff. Plaintiff further tendered into court the sum of $1,850 as an evidence of its good faith and on condition that when the said Rufus Webb and O'Dowd and O'Dowd executed the release of the judgment that the Clerk of the Court would be authorized to deliver and pay over the proceeds of said $1,850 to Rufus Webb and O'Dowd & O'Dowd. The Insurance Company prayed that defendants be temporarily restrained and enjoined pending the hearing and that upon final hearing that the injunction be made perpetual, and it prayed for general and special relief, and for costs. The court granted the temporary restraining order without a hearing. Thereafter O'Dowd & O'Dowd, in behalf of themselves and Rufus Webb, filed only a motion to dismiss, which motion set up substantially that the cause should be dismissed for the reason that Rule 11, Texas Rules of Civil Procedure, provides in effect that any character or kind of an agreement that is not made in writing and signed is not binding upon the court and that plaintiff knew that Rufus Webb could not settle or release his claim and judgment without the approval of the court and that the Insurance Company had at no time prior to the time required by law for it to perfect its appeal from the judgment rendered obtained the approval of the court for the settlement, and by reason thereof the court is without jurisdiction to prohibit execution on the judgment, and that the application for injunction should be dismissed for want of jurisdiction.

There is no statement of facts but in the order we find this recital: "* * * came on to be heard defendant's motion to dismiss for want of jurisdiction, * * * and the court having heard and considered

the same, together with the pleadings and argument of counsel thereon, the court is of the opinion that said motion to dismiss is well taken and * * * is hereby in all things sustained." The court then decreed accordingly and the Insurance Company perfected its appeal to this court.

Appellant assails the order on what he designates as two points: (1) the error of the court in holding that it did not have jurisdiction to hear and determine the cause; and (2) in sustaining appellees' motion to dismiss and in dismissing the cause for want of jurisdiction. Appellant admits its two points present but one.

■ This cause is unusual in that it does not fall within any particular pattern that we have seen. Rule 11, T.R.C.P., provides: "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." This rule has been construed by our Supreme Court in Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288. Under the holding of our Supreme Court in this cause and under the pleadings of appellant, we doubt very much if it was entitled to any relief under its pleadings; however, the court did not give appellant an opportunity to tender its evidence and we are inclined to the opinion that the court may have erred in this behalf. Since the judgment had been obtained in the 19th District Court, appellant had the right to go there to obtain equitable relief if he was entitled thereto, and since there was no exception to the application filed it is perhaps sufficient to have a full hearing hereon under the doctrine announced in Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, points 1 and 2, 141 A.L.R. 50. (In the absence of special exception the petition will be liberally construed in the pleader's favor.)

■ As we understand the statements made by counsel for each of the parties in oral argument before us, they did talk freely to the trial court about the situation that existed but appellant was not given an opportunity to present its evidence; counsel for appellees stated that he entered into the verbal agreement with the attorney for the Insurance Company in good faith and was willing to settle the cause for the sum of $1,850 and so advised counsel for appellant; that counsel for appellees received the release prepared by appellant Insurance Company and left word with his secretary to get Rufus Webb to come to the office and execute the release so that the settlement could be effected; that in the meantime counsel for appellees left on his vacation; that his secretary did get in touch with Rufus Webb but that Rufus refused to accept the settlement and refused to sign the release and that under these circumstances he was powerless to do anything. In the meantime appellant had failed to perfect its appeal to this court. Counsel for appellees further stated in effect that insofar as his firm was concerned it stands ready to abide by the verbal contract that it made and that it would be glad to make settlement of the cause on the basis of $1,850 paid into court and take its share of the compromise settlement that it agreed to take, and that if this court could render such judgment it would be willing for it so to do. The Court of Civil Appeals has no jurisdiction to determine original questions of fact brought to such court on appeal. See Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164, points 3 and 5.

In view of the foregoing statement of counsel for appellees, we believe that the factual situation here is sufficient to invoke the equitable powers of the trial court, and that on proper pleading and proof the trial court can authorize the judgment originally entered in this cause to be receipted for one-third, same being the share awarded to O'Dowd & O'Dowd, and authorize the clerk to pay to O'Dowd & O'Dowd one-third of the $1,850 paid into the registry of the court by appellant, and recite that the payment of such sum to the O'Dowds is in satisfaction and full settlement of their one-third interest in the original judgment; that the crediting of the original judgment in this respect shall in no wise modify or decrease the share awarded to Rufus Webb

in said judgment, nor the accumulated interest thereon as provided in said judgment, nor shall such crediting of such judgment reduce the sum that Rufus Webb is now entitled to receive under the terms· of the judgment, together with accrued interest thereon, nor shall it delay Rufus Webb in any manner in the immediate collection of his share of the judgment now due and owing or that shall hereafter accrue.

Accordingly, the judgment of dismissal is hereby reversed and remanded and the court is directed to let the parties amend their pleadings if they desire to do so and to have a hearing on such amended pleadings in order to permit the Insurance Company to make its proof of settlement with O'Dowd & O'Dowd as to their share of the judgment on the basis agreed to, but in no event to affect in any manner the share awarded to Rufus Webb; and the trial court on proper pleading and proof may authorize such settlement in favor of O'Dowd & O'Dowd and may authorize the clerk of the court to use the funds deposited in the registry of the court to satisfy all costs and such settlement and properly credit the original judgment herein entered in the amount of one-third thereof. And the court is of the further view that under the record here made, all of the costs should be taxed against appellants, and it is accordingly so ordered. See Lone Star Gas Company v. Childress, Tex.Civ.App., 187 S.W.2d 936, point 10.

The cause is therefore reversed and remanded with instructions.

## On Motion for Rehearing

After the original opinion was handed down appellees O'Dowd & O'Dowd filed a motion which they designate as a remittitur and substantially state in such motion that they are willing to abide by the agreement made by them insofar as it affects their interest in the judgment and accept the sum of $616.66 in full settlement of their share of the judgment originally entered in the trial court. They asked this court to modify the judgment originally entered in the trial court to this effect and affirm the judgment of the trial court.

As pointed out in the original opinion, there was no testimony tendered in the trial court and there is no statement of facts here. It is true that we have permitted counsel in oral argument, both on original hearing and on motion for rehearing, to state what purports to be the facts from each point of view, but as pointed out in the original opinion, "The Court of Civil Appeals has no jurisdiction to determine original questions of fact brought to such court on appeal. See Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164, points 3 and 5." It follows that appellees' motion in this behalf must be overruled.

We have again given much consideration to appellant's contention that we reverse and remand the cause without instructions in order that it can present its testimony as to its right to obtain equitable relief against the plaintiff Rufus Webb. Upon further consideration, it is our view that the ends of justice would be better subserved by allowing the appellant to amend its pleadings and tender such proof as it may have to offer against Rufus Webb to the effect that the $1,850 tendered in court by appellant was in full settlement and satisfaction of the judgment there rendered, and without prejudice also to Rufus Webb's right to void the agreement, if any, by pleading that his attorneys were without authority to bind him in the settlement and satisfaction of the judgment he had theretofore obtained. This, we believe, is in harmony with the rule announced in Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288, cited in our original opinion. See also opinion of our Supreme Court in Anderson v. Oldham, 82 Tex. 228, 18 S.W. 557; Price v. Logue, Tex.Civ.App., 164 S.W. 1048 (no writ history).

Accordingly, the judgment heretofore entered by this court reversing and remanding this cause with instructions is hereby modified and the cause is reversed and remanded in accord with this opinion on motion for rehearing. Appellant's motion in all other respects is overruled.