MAGILL v. RUGELEY, Sheriff, et al.
(No. 6716.)

(Court of Civil Appeals of Texas. Galveston. Nov. 20, 1914. Rehearing Denied Dec. 10, 1914.)

1. ATTORNEY AND CLIENT (§ 99*)—ATTORNEY'S AUTHORITY—SETTLEMENT OF JUDGMENT.

An attorney at law has no authority to accept anything but money in payment of a judgment recovered by him on a claim left with him for collection, without his client's express consent.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 196–203; Dec. Dig. § 99.*]

2. ATTORNEY AND CLIENT (§ 103*) — ATTORNEY'S AUTHORITY—ACTS BEYOND AUTHORITY—ACQUIESCENCE.

Where an attorney at law, without authority, accepted certain trust certificates in settlement of a judgment he had obtained for his client, who, when he first learned of the settlement, refused to accept the certificates, and in a few days placed the collection of the judg-

ment in the hands of other attorneys, there was no ratification of the settlement.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 154; Dec. Dig. § 103.*]

3. ATTORNEY AND CLIENT (§ 77*)—AUTHORITY OF ATTORNEY—APPARENT AUTHORITY.

Where one was employed only as an attorney at law to collect a debt for his client, the debtor could not assume that the attorney had authority to accept anything but money in satisfaction, so that the rule requiring a principal to give notice of any limitation on the authority of a general agent, or one having apparent authority to make the contract in question, does not apply.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 88–90, 132, 136, 148, 149; Dec. Dig. § 77.*]

4. ATTORNEY AND CLIENT (§ 99*)—AUTHORITY OF ATTORNEY—COLLECTION OF JUDGMENT—JOINT OWNER.

Where a note, placed in the hands of an attorney for collection, provided for a 10 per cent. attorney's fee, and the client agreed to pay the attorney such percentage and $60 additional, such agreement did not make the attorney a joint owner of a judgment in favor of the client for the amount of the note, principal, interest, and attorney's fee, so as to entitle the attorney to make a settlement with the debtor by receiving trust certificates instead of money, under the rule that an accord and satisfaction with one of several joint creditors is a satisfaction of the debt.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 196–203; Dec. Dig. § 99.*]

5. PRINCIPAL AND SURETY (§ 164*)—SURETY'S LIABILITY—JUDGMENT.

Where a judgment against a principal and surety directed that execution should issue on the property of the surety, only in the event that property of the principal sufficient to satisfy the judgment could not be found, the return of several executions issued against the principal nulla bona was prima facie sufficient to authorize a levy on the property of the surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 456–465; Dec. Dig. § 164.*]

Appeal from District Court, Matagorda County; Sam'l J. Styles, Judge.

Suit by G. M. Magill against Frank Rugeley, sheriff, and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Gaines & Corbett, of Bay City, for appellant. Krause & Wilson, of Bay City, for appellees.

PLEASANTS, C. J. This suit was brought by appellant to enjoin the execution of a judgment rendered by the district court of Matagorda county against appellant and others and in favor of S. G. Anderson, defendant in this suit. The judgment sought to be enjoined was rendered on January 22, 1912, in a suit brought by S. G. Anderson against the Burton D. Hurd Land Company, as principal, and appellant G. M. Magill and others, as sureties, and was for the sum of $1,744.28. This judgment directs that execution issue upon the property of the sureties, only in event property of the principal sufficient to satisfy the judgment could not be

found. In that suit E. E. Bateman was attorney of record for S. G. Anderson. Original execution was issued on this judgment October 25, 1912, and an alias execution on March 17, 1913, which was returned not executed, "no property of the Burton D. Hurd Land Company being found." Several subsequent executions were issued and returned not executed, "no property being found."

The execution sought to be enjoined in this suit was issued on October 3, 1913, and was by defendant Rugeley, sheriff of Matagorda county, levied upon lots in the city of Bay City owned by appellant Magill. Plaintiff asked that the execution of the judgment be enjoined, and said judgment canceled and discharged of record on the ground that E. E. Bateman, the attorney of record for defendant Anderson in the suit in which said judgment was rendered, had on February 25, 1913, made a settlement of said judgment with the land company, and executed a written release of the judgment, reciting that it had been paid and satisfied in full. The defendant Anderson by proper plea denied the authority of Bateman to make said settlement and execute said release. By supplemental petition, the plaintiff alleged that Bateman was the attorney of record of the defendant Anderson, and had full and complete authority to make the settlement with the land company and release said judgment, and further that Bateman was also a joint owner with Anderson of said judgment.

The trial in the court below without a jury resulted in a judgment in favor of the defendants.

The evidence shows that E. E. Bateman, who was attorney of record for defendant in the suit in which the judgment sought to be enjoined was obtained, on February 25, 1913, accepted from the land company, in satisfaction of said judgment, trustees' certificates of the nominal value of the amount due upon the judgment, and executed and delivered to the land company a full release of the judgment, signed by him as attorney of record for the defendant Anderson. Anderson testified that he never authorized Bateman to accept anything but money in satisfaction of the judgment, and that the trustees' certificates were never delivered to him, and he had never seen them. When he heard that Bateman had made a settlement of the judgment he went to see him in regard to the matter, and Bateman told him that he had taken the certificates, but they were not worth anything, and that he, Anderson, did not want them. Four or five days after this he employed other attorneys to represent him in collecting the judgment.

Bateman testified:

"I cannot say that Mr. Anderson ever authorized me specifically to accept the trustees' certificates, but Mr. Anderson had left the matter entirely in my hands for collection, like any other client turns over a matter or note to me for collection."

171 S.W.—34

[1] This evidence amply sustains, if it does not compel, the conclusion that Bateman had no express authority from appellee Anderson to accept anything but money in satisfaction of the judgment. It is well settled that an attorney at law has no right to receive anything but money in the payment of a debt intrusted to him for collection, without express authority from his client. Wright v. Daily, 26 Tex. 730; Portis v. Ennis, 27 Tex. 575; Anderson v. Boyd, 64 Tex. 108; Cook v. Greenberg, 34 S. W. 687.

[2] There is no evidence showing acquiescence on the part of appellee Anderson in the settlement made by Bateman, and the testimony before set out, which is uncontradicted, shows that when he first learned of the settlement he refused to accept the certificates, and in a few days thereafter placed the collection of his judgment in the hands of other attorneys.

[3] The question of apparent authority in Bateman to make the settlement is not raised by the evidence. His employment being only that of an attorney at law to collect a debt for his client, the debtor could not assume that he had authority to accept anything but money in satisfaction of the debt, and the rule which requires a principal to give notice of any limitation upon the authority of a general agent, or any agent who has apparent authority to make the contract in question, has no application.

[4] The judgment in favor of appellee Anderson was for the amount of the principal, interest, and attorney's fees due upon several notes which he had turned over to Bateman for collection. When he placed the notes in the hands of Bateman for collection he agreed to pay him, when collection was made, the 10 per cent. attorney's fees provided in the notes and an additional sum of $60. This agreement did not make Bateman a joint owner with appellee of the notes nor of the judgment obtained thereon, and the undisputed evidence shows that no transfer or assignment of any interest in judgment was made to Bateman. Such being the facts, the principle invoked by appellant, that accord and satisfaction with one of several joint creditors is a complete extinction of the debt without any showing that the joint creditors who made the settlement had authority to act for the other joint owners, cannot be applied.

[5] The return upon previous citations stating that no property of the land company could be found out of which the judgment could be made was prima facie sufficient to authorize the levy upon the property of the surety, and, in the absence of any evidence showing that the judgment could be collected from the principal, the levy upon and sale of the property of the surety to satisfy the judgment could not be enjoined.

We have not set out nor discussed in detail the several assignments presented in ap-

pellant's brief, but in what has been said we have disposed of all of the questions presented by the assignments.

We have considered all of the assignments, and none of them in our opinion should be sustained. It follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.