**COMMERCIAL CREDIT CO., Inc., v.
CRONE.   (No. 2436.)**

(Court of Civil Appeals of Texas. Amarillo.
. Feb. 25, 1925.)

**1. Attorney and client ⚎99 — Attorney employed to collect debt cannot accept anything but money nor change securities of client unless so authorized.**

An attorney employed to collect a debt is without authority to accept payment thereof in anything but money, nor can he change securities of client unless authorized to do so by his client.

**2. Attorney and client ⚎77—Client need not give notice of limitations on attorney's authority.**

A client is not required to give notice of the limitations on his attorney's authority.

**3. Attorney and client ⚎81—Proof that attorney authorized to bind client by agreement must be shown to enforce agreement.**

In suit to enforce agreement alleged to have been made by attorney for his client, it must be alleged and proven that attorney had authority to bind his client by such agreement.

**4. Attorney and client ⚎99 — Evidence held not to show attorney, given overdue installment notes for collection, was authorized to bind client by alleged contract to accept payment from third person.**

Evidence *held* not to show that attorneys, to whom overdue installment notes for automobile had been given for collection, were authorized to bind their client by alleged contract whereby attorneys accepted payment from one other than purchaser, together with such other's guaranty of future payment of installments, nor did it establish that any such contract was made.

Appeal from Lubbock County Court; Chas. Nordyke, Judge.

Action by the Commercial Credit Company, Inc., against G. W. Crone. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Robt. H. Bean and Bean & Klett, all of Lubbock, for appellant.

Starnes & Howard, of Lubbock, for appellee.

JACKSON, J. This case originated in the county court of Lubbock county. Appellant, Commercial Credit Company, sued appellee, G. W. Crone, upon an installment note for the sum of $351.40, credited with the payment of $117.16, executed by him in part payment for a Ford car, and to foreclose a chattel mortgage lien on the car given to secure the payment of the note.

Appellee answered, pleading that, prior to the filing of the suit, he had made a contract with Duncan & Perry and appellant, whereby, in consideration of appellee's agreement to sell to Duncan & Perry his sudan seed, they agreed to pay Wilson & Douglas, attorneys for appellant, $150 to be applied on the note, and that Wilson & Douglas, for appellant, accepted such contract, but that Duncan & Perry failed to pay said debt, and because of such failure, appellee had been damaged, and prayed that Duncan & Perry be made parties. Duncan & Perry answered, but, as they are not parties to this suit, it is unnecessary to state their pleading.

Appellant, by its first supplemental petition, pleaded general denial, and especially denied that it was a party to any contract between Duncan & Perry and appellee, and alleged that appellee had represented to its agent that said Duncan & Perry would pay on said note the sum of $150, and that by said agent appellee was advised that if said payment was made promptly, that possibly appellant would carry the note as originally made; that no payment was ever made, and, having cause to believe that appellee had removed the car out of Lubbock county, proceeded with its suit to foreclose its mortgage. The record discloses that at a former term of the court judgment was rendered in favor of appellant against appellee, but because of the findings of the jury relative to the contract between the appellee and Duncan & Perry, a new trial was granted as to the last-named parties, and G. W. Crone, appellee here, attempted to have such judgment against him reviewed by the Court of Civil Appeals, but his appeal was not filed in the appellate court because no final judgment was shown in the transcript; that thereafter G. W. Crone and Duncan & Perry settled their controversy out of court, and Crone dismissed his cross-action as to them.

On November 21, 1924, by his first amended original answer, appellee pleaded that on the 23d day of July, 1923, he was indebted to appellant as claimed in its petition, and that four installments of $29.29 each on said note were due; that said note and indebtedness had been placed in the hands of Wilson & Douglas, its attorneys of record, for collection, who, for a good consideration, accepted for appellant the promise of Duncan & Perry to pay $150 to take up said past-due installments and take care of the next maturing installment, and further agreed not to enter suit against appellee until he made default in some future installment; that such agreement was breached, appellant filed suit, had issued a writ of sequestration and the said car seized by the sheriff under said writ, and that appellee replevied said car, and that said writ was caused to be issued by appellant willfully, wantonly, and maliciously, with intent to injure the appellee, for which he is entitled to $100 exemplary damages; that while the case was still pending, appellant had issued to the sheriff an order of

sale to seize and sell, as under execution, said automobile, which was the property of and in possession of appellee, under which order, though void because not issued, on a final judgment, the car was sold, which was of the reasonable value of $400, by reason of which wrongful and unlawful conversion by appellant, appellee sustained actual damages in the sum of $400, and because of the willful and deliberate act of appellant in causing the issuance of said order of sale, and the sale of his property thereunder, he is entitled to $250 exemplary damages. He prayed for judgment for the sum of $405 actual, $350 exemplary, damages, and costs of suit.

Appellant, by its second supplemental petition, pleaded general denial, and denied that its agent had taken unlawful possession of the car, and that in taking possession of said car he acted under and by virtue of the terms of its mortgage which specifically authorized it, under certain contingencies, to take possession of said car, and authorized a sale at public or private sale, etc., which we consider unnecessary to set out in greater detail; also that the reasonable market value of the car was $125, and that it sold for $150, which was credited on the note, and that appellee was still indebted to it in the sum of $128.34, with interest, etc.

The case was submitted on a general charge, but the verdict of the jury is in the form of answers to special issues, to which no objection is made, and from the verdict it appears that the jury found that Duncan & Perry contracted with appellant, through its attorneys, Wilson & Douglas, to pay on said note the amount alleged to be due, and that by reason of the issuance of the writ of sequestration appellee was damaged in the sum of $25, and because of the sale as under execution, no final judgment having been secured, appellee was damaged in the sum of $250. On this verdict judgment was entered for appellee against appellant for the sum of $275.

[1, 2] An attorney employed as such to collect a debt is without authority to accept payment thereof in anything but money, unless authorized to do so by his client or principal (Wright v. Daily et al., 26 Tex. 730; Portis v. Ennis, 27 Tex. 575; Cook v. Greenberg [Tex. Civ. App.] 34 S. W. 687); and such attorney has no authority to change the securities of his client (Scott v. Atchison, 38 Tex. 385); nor is his client required to give notice of the limitations upon his authority (Magill v. Rugeley [Tex. Civ. App.] 171 S. W. 528).

[3] In a suit to enforce an agreement alleged to have been made by an attorney for his client, it is necessary to allege and prove the authority of the attorney to bind his client by such an agreement. Anderson v. Oldham et al., 82 Tex. 228, 18 S. W. 557; Price v. Logue (Tex. Civ. App.) 164 S. W. 1049; Taylor v. Evans et al. (Tex. Civ. App.) 29 S. W. 172.

[4] The statement heretofore made from the pleadings discloses that there are no allegations of the authority of Wilson & Douglas to bind their client, the appellant herein, by the alleged contract, unless the allegation that they were the attorneys of record or agent of appellant would be sufficient, and the above authorities are conclusive of the insufficiency of such allegations.

It is admitted that the note sued upon was turned over to Wilson & Douglas for collection. Appellee admitted that he owed the amount sued for, and testified that Richardson R. Douglas, of the firm of Wilson & Douglas, wrote him about past-due installments in June or July, and that he advised Mr. Douglas that he could not pay any more, and Douglas told him if he would arrange to pay the costs, attorney's fees and installments then due, and get some one to guarantee the payment of the remaining installments as they came due, the appellant would not sue then; that he saw Duncan & Perry, told them his predicament, sold them his sudan seed, and they agreed to advance $150 to Wilson & Douglas on the amount which he owed on the car; that Mr. Perry called up Wilson & Douglas and asked if they would agree not to sue if they would pay $150 to be applied on the payment on the car, and guarantee the payment of the balance; that he later met Mr. Douglas and was advised by him that everything was all right, or would be all right, or something that way; that he did not remember the exact words, and that he knew nothing more about the arrangement with Wilson & Douglas.

He introduced a letter written from Wilson & Douglas to appellant on July 30, 1923, in which appellant was advised by its attorneys that the appellee had offered to pay the four past-due installments, and have two responsible men to sign a guarantee that the remaining installments would be promptly paid as they matured; appellee offering to pay all costs accrued to date. Appellant wrote its attorneys in reply that the proposition submitted in the letter met with its approval, and for them to collect the four installments, get the guarantee of the two responsible men, and it would allow the purchaser to pay the unpaid installments as they matured.

It is admitted that Duncan & Perry did not pay the $150 to Wilson & Douglas for appellant, neither did they guarantee the payment of future installments on the note as such installments matured. In our opinion, the evidence is insufficient to show any authority on the part of Wilson & Douglas to bind appellant, or that any contract was made by Duncan & Perry with Wilson & Douglas to make such payment and such guaranty.

On account of the insufficiency of the

pleadings to show that Wilson & Douglas had authority to bind appellant on the alleged contract, and the failure of the testimony to establish such contract, the judgment of the trial court is reversed and here rendered for appellant.