IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-163-CV





DONNIE HUNT,



 APPELLANT


vs.





 URSULA SABINE HUNT,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 125,146-C, HONORABLE JACK W. PRESCOTT, JUDGE 



 




 Donnie Hunt appeals from a divorce decree rendered in his suit against Ursula Sabine
Hunt. We will affirm the decree.



THE CONTROVERSY



 On February 22, 1990, the trial court tried the case without a jury. On April 11
following, the judge signed a decree dissolving the marriage, dividing the marital property, and
making arrangements for the support and custody of the parties' minor child. One provision in
the decree, concerning the child's medical expenses, contradicted the parties' pre-trial agreement. 
Mr. Hunt moved for a new trial on that basis. Mrs. Hunt conceded the error and joined in the
request for a new trial, filing a pleading that requested the court to render judgment according to
an amended decree prepared by Mr. Hunt's attorney.

 The parties' attorneys signed the amended decree under the legend "Agreed as to Content
and Form." It differed from the original decree only in the matter of the child's medical expenses
and in the number of years Mr. Hunt had served in the military. The parties do not dispute that
Mr. Hunt's attorney prepared the amended decree and asked Mrs. Hunt's attorney to present the
document to the trial judge for signing after the court granted Mr. Hunt's motion for new trial. 
On May 14, 1990, Mrs. Hunt's attorney did so. The trial court signed on that day an order
granting a new trial, on the basis of the error assigned in Mr. Hunt's motion, and also signed the
amended decree Mrs. Hunt's attorney presented to the court. Neither Mr. Hunt nor his attorney
was present.

 In a second motion for new trial filed May 24, 1990, Mr. Hunt attacked the medical-expense error mentioned above (which the amended decree had cured), and raised a new
complaint: the court had erroneously divided his military-retirement pay "in contravention of the
agreements and stipulations made by counsel." The trial court heard evidence regarding this
second motion for new trial. The evidence consisted of testimony given by the parties' respective
attorneys. The evidence is undisputed in all material respects. From it and the appellate
transcript we have taken our description of the case set out above.

 The trial court overruled Mr. Hunt's second motion for new trial, based on the court's
determination that the amended decree constituted a judgment agreed upon by the parties. 
Mr. Hunt appeals.



DISCUSSION AND HOLDINGS


 Both the original decree and the amended decree award Mrs. Hunt 29% of Mr. Hunt's
military-retirement pay, when received, "together with the same percentage of any and all cost-of-living related increases" in his military-retirement pay. Mr. Hunt assails this provision by two
points of error. Before he may succeed, however, he must prevail on his point of error that the
trial court erred when it determined that the amended decree constituted an agreed judgment. Mr.
Hunt advances several reasons why the trial court erred in this determination and in its resulting
refusal to set aside the amended decree.

 Mr. Hunt argues that the trial court lacked the power to render an agreed judgment
because Mr. Hunt did not consent to the amended decree at the very moment the court rendered
judgment therein, citing Burnaman v. Heaton, 240 S.W.2d 288, 291-92 (Tex. 1951). Moreover,
he contends, even if he had previously consented to the terms of the amended decree, there was
no hearing before the decree was presented for the judge's signature and thus Mr. Hunt never had
an opportunity to withdraw his consent. We reject the argument. There is no evidence that Mr.
Hunt did not consent to the terms of the amended decree. The evidence is undisputed, on the
other hand, that Mr. Hunt's attorney prepared that decree, that the parties' respective attorneys
signed it under the statement that it was "Agreed as to Content and Form," that Mr. Hunt's
attorney asked Mrs. Hunt's attorney to present the amended decree to the judge for his signature,
and that Mrs. Hunt's attorney fulfilled the request in all respects. There is no evidence that Mr.
Hunt requested a hearing in the matter, and one was not required in the circumstances as a matter
of law.

 Mr. Hunt argues next that the trial court lacked the power to render an agreed judgment
because the court possessed information reasonably calculated to prompt the court to make further
inquiry into the reality of Mr. Hunt's consent; and, if reasonably pursued, that inquiry would have
disclosed that Mr. Hunt did not consent. We repeat:  the record contains no evidence that Mr.
Hunt did not consent to the terms of the agreed judgment prepared by his attorney. Mr. Hunt
does not, however, argue from the evidence. Rather, he argues that the trial judge should have
been prompted to inquire because Mr. Hunt had moved for a new trial and had filed an appeal
bond in reference to the original divorce decree that was set aside on Mr. Hunt's motion. We
reject this reasoning. Mr. Hunt's motion for new trial and appeal bond, directed at the original
decree, were not reasonably calculated to indicate any want of consent on his part because they
were followed by the parties' joint request that the original decree be set aside and supplanted by
an amended decree indicating their agreement to the form and substance of its terms. Thus, the
trial court was reasonably entitled to assume that any controversy about the original decree was
merged in the amended decree signed by the parties' attorneys to indicate their agreement as to
its terms.

 Mr. Hunt argues finally that his attorney was not authorized to consent to a divorce
decree on the terms indicated in the amended decree. An attorney does not, by virtue of his
employment alone, obtain the power to compromise and settle a client's claim. Southwestern Bell
Tel. Co. v. Vidrine, 610 S.W.2d 803, 805 (Tex. Civ. App. 1980, writ ref'd n.r.e.). Even so,
Mr. Hunt did not move for a new trial on the ground that his attorney lacked authorization to
agree to the terms of the amended decree, nor did Mr. Hunt adduce any evidence to support the
claim that his attorney lacked the necessary authority to settle the controversy on the terms
indicated in that decree. We therefore reject the argument.

 Finding no error as assigned, we affirm the trial-court judgment.



 John Powers, Justice


[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: August 28, 1991

[Do Not Publish]