ACCEPTED
04-14-00354-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/3/2015 12:00:00 AM
KEITH HOTTLE
CLERK

## NO. 04-14-00354-CV

THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

08/03/15 12:06:42 AM

KEITH E. HOTTLE
Clerk

Luz Chavez, Individually, and as Representative of the Estates of
Rudolph Chavez, Sr. (Deceased) and Rudolph Chavez, Jr. (Deceased),
And, as Next Friend of Joel Chavez, a Minor; Darlene Chavez;
Allen Chavez; Francisco Chavez and Celia Chavez,

APPELLANTS,

v.

Kansas City Southern Railway Company and Jose Juarez,

APPELLEES.

_____

Appeal from the 406th Judicial District Court, Webb County, Texas

Honorable Oscar J. Hale, Jr., Judge Presiding

_____

## APPELLANTS' MOTION FOR REHEARING
## OF THE COURT'S JUNE 17, 2015 JUDGMENT

_____

Mark Alvarado
State Bar No. 01126520
Law Office of Mark Alvarado
9600 Escarpment Blvd., Suite 745
Austin, Texas 78749
Telephone: (512) 287-9469
Facsimile: 512-582-8651
**ATTORNEY FOR APPELLANTS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................i

INDEX OF AUTHORITIES ........................................................................................ii

I.   INTRODUCTION………………………………………………………………….1

II.  ISSUES PRESENTED FOR REVIEW.........................................................................1

III. ARGUMENT…………………………………………..................................................2

ISSUE 1: The Court Findings and the Law of Inferences & Presumptions &
          The Law of Agency.....................................................................................1

ISSUE 2:  Record Evidence Rebuts Presumption of Representation &
          Authority to Bind............................................................................5

ISSUE 3:  Record Establishes Non-Compliance With Established Law.........................11

ISSUE 4:  Minor's Settlement........................................................................13

IV.  CONCLUSION…………………………………………………………………….13

V.   PRAYER…………………………………………………………………….......14

# Index of Authorities

*Texas Courts of Appeals*

*Anderson v. Oldham*, 82 Tex. 228, 18 S.W.557 (1891) ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Argyle Independent School Dist. Ex rel. Bd. Of Trustees v. Wolf*, 234 S.W.3d 229, (Tex. Civ. App.—Ft. Worth 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B*ourland v. Huffhines*, Tex.Civ.App. 269 S.W. 184, affirmed . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Bryan v. Watamull*, 230 S.W.3d 503 (Tex. App. Dallas 2007), rev. denied . . . . . . . . . . . . . . . 3

*Combined Am. Ins. Co. v. Blanton*, 163 Tex. 353 S.W. 2nd 847 (1962) . . . . . . . . . . . . . . . . . . . 3

*Commercial Credit Co. v. Crone*, 270 S.W. 209 (Tex. Civ. App. Amarillo 1925) . . . . 5, 6, 15, 16

*Ebner v. First State Bank of Smithville,* 27 S.W.3d 287, 300 (Tex. App.-Austin 2000, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*F.M. Stigler, Inc. v. H.N.C. Realty Co.*, 595 S.W.2d 158, 163 (Tex.Civ.App.— Dallas 1980, writ filed) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Green v. Midland Mortgage Company,* 342, S.W3d 686, 690 (Tex. App. Houston [14th Dist.] 2011, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hotel Longview v. Pittman*, 276 S.W.2d 915, 919 (Tex.Civ.App.—Texarkana 1955, writ ref'd n.r.e.) ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Johnson v. Back,*378 S.W.2d 723 (Tex.Civ.App.—Amarillo 1964, no writ) . . . . . . . . . . . . . . 6

*Lifshutz v. Lifshutz, 199 S.W. 3d 9, 23 ((Tex. App. – San Antonio 2006, pets denied) . . . . . . . 11

*Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc*., 143 S.W.3d 538, 546 (Tex.App.—Austin 2004, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Magill v. Rugeley*, 171 S.w. 2d 528 (Tex. Civ, App.—Galveston 1914, err. Ref'd) . . . . . . . . 6, 15

*Pagel v. Pumphrey*, Tex.Civ.App., 204 S.W.2d 58, w/r, n. r. e. . . . . . . . . . . . . . . . . . . . . . . . . 16

*Southwestern Bell Tel. Co. v. Vidrine*, 610 S.W.2d 803, 805 (Tex.Civ.App.—Houston {1^{st}. Dist.] 1980m writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Swilley v. Hughes*, 488 S.W.2d 64 68 (Tex. 2002) . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . 10, 16

*Texas A & M Univ. v. Chambers*, 31 S.W.3d 780, 784-85 (Tex.App.-Austin 2000, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. .4

*Tex. City Clearview Care Ctr. v. Fryer, 227 S.W.3d 345, 352-53 (Tex. Civ. App.—Ft. Worth 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

*Texas Water Rights Comm'n v. Wright,* 464 S.W.2d 642, 646 (Tex.1971) . . . . . . . . . . . . . . . 3

*Tomhave v. Oaks Psychiatric Hosp*., 82 S.W. 3d 381 (Tex. App. Austin, 2002) . . . . . . . . . . . . 4

*WalMart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex.2002) . . . . . . . . . . . . . . . . . . . . 17

*Whitmire v. Nat'l Cutting Horse Assoc*., No. 02-11-00170-CV, 2012 WL 4815413, at *5 (Tex. App. – Ft. Worth Oct. 11, 2012, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Texas Statutes & Rules*

*Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). . 10

*2 Tex.Jur. 406, 407 and 408, secs. 22, 23 and 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*2 Tex.Jur. 423 and 424, sec. 37* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
*5 Tex.Jur. 444, sec. 41* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
*7 C.J.S.*, Attorney and Client, § 76, on p. 888 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
*Rule 11 of the Texas Rules of Civil Procedure* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
*Rule 11 Agreement* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## *Treatises*

Comment Note, 5 A.L.R.3d 19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# I. INTRODUCTION

By this Motion for Rehearing, Appellants respectfully ask this Court to revisit its decision to affirm the Trial Court's granting Appellees' motion for summary judgment and affirming the judgment as to the minor's settlement in the instant action. Rehearing is appropriate in this matter because the Court's ruling misapplies well-established principles of agency law, and law of evidence relating to legal presumptions; and, apparently disregards critical evidence— including evidence apparent from the Trial Court's Docket Sheet, rebutting Christopher Dean's authority to settle Appellants' claims. The Court's ruling has potentially dispositive effect here. For that reason, Appellants urge the panel to consider the following arguments.

# II. ISSUES PRESENTED FOR REVIEW

A. Whether the facts noted in the Court's Opinion give rise to a finding Christopher Dean had authority to represent Appellants, at the time he sent a settlement letter; and, whether the facts give rise to a finding Christopher Dean had authority to settle their claims against Appellees.

B. Whether record evidence rebuts a presumption of representation & of authority to settle Appellants' Claims.

C. No Evidence In Record of Appellees Upholding Duty to Ascertain Scope of Christopher Dean's Authority to Settle.

1

D.     Minor's Settlement.

## III.   ARGUMENT

**A.     The Court's Finding Christopher Dean Represented Appellants & Finding He Had Actual Authority to Bind Appellants**.  The Court's Findings that Appellees proved "as a matter of law," that Christopher Dean had actual authority to bind Chavez to the settlement agreement," rests on evidence presented by KCSR (Letter dated October 5, 2011), and on facts found in the Court's Docket Sheet. (Opinion, P. 11). In reaching this finding, the Court necessarily found that certain facts establish findings which give rise to the presumption that Christopher Dean was "duly employed" by Appellants.  And, therefore, that he had the actual authority to settle their lawsuit. (Opinion at 10).    Appellants   will   respectfully point to other facts in the record that lead to the presumption that he was not duly employed on October 5, 2011.  Therefore, any presumption of authority to settle, or presumption of the enforceability of the letter settlement document is rebutted, and all of the cases cited by Appellees upon which the Opinion rests are inapplicable because they involve cases where a party consented, and then withdrew their consent.  And, summary judgment was not proper as Appellees, thereby, failed to establish proof that an enforceable contract was formed, and that such contract complied with Rule 11 of the Texas Rules of Civil Procedure.  If the settlement meets the requirements of Rule 11 and is an enforceable contract, it can

2

be enforced by summary judgment. *In re Omni,* 60 F.3d 230, 232 (5th Cir. 1995).

In essence Appellants contend that the facts and the presumptions which sustain the Judgment of the Trial Court are merely a series of stacked inferences which do not give rise to a presumption of agency authority, and the Court's reasoning contradicts established Texas precedent relating the law of agency.

## 1. Stacking Inferences and Presumptions

A presumption is a logical conclusion that *will* flow from certain basic facts; an inference is a logical conclusion that *may* flow from certain basic facts. *Marshall Field Stores, Inc. v. Gardiner*, 859 S.W.2d 391, 400 (Tex. App.—Houston [1st Dist.]1993, writ dism'd). Inference stacking or "basing an inference upon an inference" occurs when a fact-finder draws an inference from circumstantial evidence and then, solely from that initial inference, draws another inference. An inference can be drawn only from some piece of direct evidence, not from facts established by another inference (i.e. an inference based on an inference). *Ice Bros, v. Bannowsky*, 840S.W.2d 57, 61 (Tex. App.—El Paso 1992, no writ).

## 2. The Law Regarding Agency Authority.
Before the Court could reach the decision that the record gives rise to the presumption that Christopher Dean had the authority to settle Appellants lawsuit, it considered whether he was "duly employed" by Appellants. *See Ebner v. First State Bank of Smithville,* 27 S.W.3d

287, 300 (Tex. App.-Austin 2000, pet. denied). The Opinion, on pages 9-11 reviews the evidence that establishes this fact, including a notice of appearance, docket sheet entries, and representations by Appellees' attorney. The Opinion cites to *Whitmire v. Nat'l Cutting Horse Assoc*., and *Green v. Midland Mortgage Company,* for the proposition that the attorney-client relationship is an agency relationship, and that the attorney's acts are regarded as the client's acts.

Appellants would point out that in a suit to enforce an agreement purporting to have been made by an attorney for a client, it is **necessary to allege and prove** the attorney's authority to bind the client by the agreement. *Anderson v. Oldham*, 82 Tex. 228, 18 S.W.557 (1891); *Commercial Credit Co. v. Crone*, 270 S.W. 209 (Tex. Civ. App.-- Amarillo 1925). "Mere employment of counsel does not clothe the counsel with authority to settle the cause without specific consent of the client." *Southwestern Bell Tel. Co. v. Vidrine*, 610 S.W.2d 803, 805 (Tex.Civ.App.—Houston {1st. Dist.] 1980, writ ref'd n.r.e.); *Johnson v. Back,*378 S.W.2d 723 (Tex.Civ.App.-Amarillo 1964, no writ). Furthermore, the holding in *Vidrine* teaches us, "Since an attorney is a special rather than a general agent, his client is not required to give notice of any limitation of authority. 7 Tex.Jur.2d, Point 1 Attorneys at Law § 71, citing *Magill v. Rugeley,* 171 S.W. 528 (Tex.Civ.App.-Galveston 1914, err. ref'd);*Commercial Credit Co. v. Crone,* 270 S.W. 209, (Tex.Civ.App.-Amarillo 1925, no writ).

4

Under Texas authorities, an attorney is a special agent and his powers and authority are confined to those necessary to the proper fulfillment of the duties cast upon him by such employment. 5 Tex.Jur. 444, sec. 41; *Bourland v. Huffhines*, Tex.Civ.App., 269 S.W. 184, affirmed.  One dealing with a special agent does so at his peril; if the special agent exceeds his authority, then the principal, in the absence of ratification, is not bound by the acts of such special agent. *Bourland v. Huffhines, supra*; 2 Tex.Jur. 406, 407 and 408, secs. 22, 23 and 24; 2 Tex.Jur. 423 and 424, sec. 37. An agent's authority to bind a principal is also discussed by the Court in *Argyle Independent School Dist. Ex rel. Bd. Of Trustees v. Wolf*, 234 S.W.3d 229, (Tex. Civ. App.—Ft. Worth 2007).  Here, the Court held that when a party who is dealing with an agent fails to ascertain the fact and the scope of the agent's authority, she does so at her own risk.[1]

## B.  Record Evidence Rebuts Presumption of Representation & Authority to Bind

**1.  Docket Sheet & Reporter's Record.**  In the instant matter, Appellees failed to allege that Christopher Dean, or Rosenthal & Watson, P.C. had authority to settle Appellants' claims in their Counter-Claim for breach of Contract.  That is, Appellees did not specifically plead that argument that Christopher Dean had the authority to settle Appellants lawsuit—either by virtue of his authority as derived

---

[1] A WestlawNext search yielded 71 authorities in Texas (state & federal) relating to the Duty to ascertain authority, in general.

from his association with Rosenthal & Watson, P.C., or by virtue of his alleged authority to bind Appellants, independent of his association with Rosenthal & Watson, P.C. And, Appellees produced no evidence that Christopher Dean was hired by Appellants to represent them. Other than the letter which Appellees claimed constituted a Rule 11 settlement agreement, the only "evidence" offered was a statement by Appellees' counsel. At the hearing on Appellee's Motion for Summary Judgment, Appellees make the conclusory statement that "Mr. Dean was duly employed." RR 7-11-14, P. 13, L. 4.

The Court in its Opinion noted Appellees attorneys statements at the hearing on the Motion for Summary Judgment, wherein their attorney states that Mr. Dean was "lead counsel." Appellees brought forward no other evidence that Appellants employed Christopher Dean. And, the Opinion of this Court inferred that Mr. Dean was duly employed by Appellants by noting his appearances at the trial, in 2009, and in 2010.

Appellants would respectfully point out that the Docket Sheet shows that the only appearance attorney Dean made in 2010 was an appearance at a hearing on Plaintiff's Motion for New Trial, held March 31, 2010; from that point forward, the docket sheet and the record does not reflect that Mr. Dean made anymore court appearances on behalf of Appellants.

With regard to whether Christopher Dean was "lead attorney," Appellants

6

would respectfully point out that the record also indicates:

- Appellants counsel maintains that he was lead counsel for Appellants, that he argued approximately 25 motions, and that Christopher Dean was associated by Rosenthal & Watson, P.C. to assist at trial. RR, 7-11-14, P. 16, L. 25. This is undisputed, other than Appellees counsel claiming attorney Dean was "lead counsel."

- Christopher Dean did not make an appearance at any hearing after the date of the alleged agreement, October 5, 2011. This is a matter of record, as evidenced by the Docket Sheet. CR, 04-14-00354, P. 99-147.

**2.    No Christopher Dean Appearances After October 5, 2011.** Appellants would respectfully point out, as noted, the fact that Christopher Dean made no appearances after the date of the alleged agreement gives rise to the presumption that, at the time that he sent the so-called agreement to Appellee's counsel, he was acting as an agent for Rosenthal & Watson, P.C., whose services had already been terminated. Specifically, Appellants would also respectfully point out that the Docket Sheet shows the following hearings and depositions were held subsequent to the date of October 5, 2011 letter, and it evidences the appearances of counsel, other than Christopher Dean:

- The May 19, 2010 Hearing on Defendant's Motion for Protective Order,

- The June 11, 2010 deposition of Defendant Jose Juarez,
- the April 7, 2011 Motion on Hearing Regarding Minor's Settlement, (See, Appearances, RR, Vol. 1, P.2),
- the May 31, 2011 hearing, which was scheduled to be a "status hearing" on Appellants need for new counsel, but ended up being a hearing on Appellees' Motion to Enforce, (See, Appearances, RR, Vol. 2, P. 2),
- the June 23, 2011 hearing, which sworn, undisputed testimony by Luz Chavez proves she was not given notice of—a court clerk nodded when asked whether he had given her notice, but no proof thereof, such as a return receipt of a letter, exists in the record, (See, Appearances RR, Vol 3, P. 2.).

**3.    Appellants Hired Rosenthal & Watson, P.C.**   The record contains affidavits executed by Luz Chavez and her two adult children, CR Vol. 1, Pages 118-130, attached to Plaintffs' Response to Motion for Summary Judgment, wherein they make clear that they hired Rosenthal & Watson, P.C. to represent them in their lawsuit against Appellees.

From these sworn affidavits and the evidence gleaned from the Docket Sheet, we can deduce that Appellants did NOT hire Christopher Dean to represent them in the underlying lawsuit. It makes no sense that Appellants would hire Rosenthal & Watson, P.C., fire Rosenthal & Watson, P.C. for attempting to bully them into settling their lawsuit, give Christopher Dean authority to settle their lawsuit for the same amount, only a few weeks later, then rehire Rosenthal & Watson, P.C. to represent them at all subsequent hearings. The evidence in the

record gives rise to the inference that Christopher Dean was acting as an agent for Rosenthal & Watson, P.C. on October 5, 2011, at a time after which Appellants had made it clear that they wanted nothing more to do with that law firm, and had refused to sign the formal settlement documents.

**4**.    **All Understood Dean Associated With Rosenthal & Watson, P.C.**

Appellees pleadings do not specifically plead that Christopher Dean had authority to enter into a settlement of Appellant's claims, and the first time their argument regarding Christopher Dean's authority was mentioned is verbally, at the hearing on Appellees' Motion for Summary Judgment.  Prior to that time, all parties and the Judge understood that Christopher Dean was involved in the lawsuit, only as an agent for Rosenthal & Watson, P.C.  *See* the Trial Court's surprise at the new argument, RR. 7-11-14, P. 12, L. 11-14.

In response to this clever, though disingenuous, move on Appellees' part, Appellants filed a Motion for New Trial which included affidavits, wherein Appellants specifically denounce giving Christopher Dean authority to settle their lawsuit.  Furthermore, see a letter motion, attached hereto as Appendix A, which was filed in the underlying cause by Luz Chavez, entitled "Plantiffs' Motion for Reconsideration." It was referenced in Appellants' Reply Brief.  Here, Luz Chavez states that she did not consent to settlement of her lawsuit—period.  And, with respect to affirmatively rebutting any presumption of Christopher Dean's authority

to settle, she specifically states, "

> *His (Rosenthal's) law firm and Chris Dean had no right to act like I had accepted it, or like any member of my family had accepted it.*"

CR, Vol. 1, P. 102.

**5.** **Affidavits In Motion for New Trial.** When affidavits are filed as part of a motion for new trial, the proponent of the affidavits is not required to introduce them into evidence at a hearing on the motion. *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994), and it is sufficient that the affidavits are attached to the motion and made part of the record. *Id*. Because Appellants affidavits, which specifically address Christopher Deans lack of authority to settle their claims (in addition to Plaintiffs Motion for Reconsideration, filed in June 2, 2011), Appellants did to have a burden to request a hearing. *See Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc*., 143 S.W.3d 538, 546 (Tex.App.—Austin 2004, no pet.). If the factual assertions in a party's affidavit are not controverted by the opposing party, the party offering the affidavit satisfies his burden, if his affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant. Further, a hearing is not necessary on an uncontroverted motion. The trial court must accept as true the uncontroverted affidavits. *Averitt v. Bruton Paint & Floor Co*., 773 S.W.2d 574, 576-78 (Tex. App.—Dallas 1989, no writ).

### C. Record Proves Appellees Noncompliance With Established Law
### Establishing Authority

**1. Failed Pleading.**    When a party asserting that the agent with whom they negotiated with had authority to settle a claim on behalf of its principal, that party:

- must plead the facts relating to that contention. *See F.M. Stigler, Inc. v. H.N.C. Realty Co.*, 595 S.W.2d 158, 163 (Tex.Civ.App.— Dallas 1980, writ filed); *Hotel Longview v. Pittman*, 276 S.W.2d 915, 919 (Tex.Civ.App.— Texarkana 1955, writ ref'd n.r.e.); and,
- must ascertain both the fact and scope of the agent's authority.  *See Tex. Cityiew Care Ctr. v. Fryer, 227 S.W.3d 345, 352-53 (Tex. Civ. App.—Ft. Worth 2007); Lifshutz v. Lifshutz, 199 S.W. 3d 9, 23 ((Tex. App. – San Antonio 2006, pets denied);*

Appellees plead as follows:

Thus, Appellees Third Amended Answer and Original Counter-Claim, CR 7-30-14, P. 205, refers only to Plaintiffs—without making a distinction as to whether they were represented by Rosenthal & Watson, P.C., or their agent, Christopher Dean; or, Christopher Dean as an independent counsel.

Further, Plaintiffs Motion for New Trial, included without timely objection from Appellees, offered new evidence in the form of a Memorandum dated 9-27 to 9-28-2-10 from Alphonso (Poncho) Gonzales. CR, 7-30-14, P. 450.   In this Memorandum, Mr. Gonzales verified the facts sworn to by Appellant Luz Chavez, in her Affidavit attached to Plaintiffs Response to Defendants' Motion for

Summary Judgment, wherein she expressly refused to sign settlement papers sent by Rosenthal & Watson, P.C. He states, "Seemed very convinced, she wasn't having anything to talk about…She cut me off immediately and didn't want to hear it." He signs off with the following, "End of Initial Contact/Probably Last Contact Memo." CR, 7-30-14, P. 450.

**2. The Law Regarding Rebuttal of Presumptions.** The general rule for presumptions is that when any type of evidence contrary to the presumed issue has been produced, the issue is then ripe for submission to the jury. *Bryan v. Watamull*, 230 S.W.3d 503 (Tex. App. Dallas 2007), rev. denied; *See* Comment Note, 5 A.L.R.3d 19 (Effect of presumption as evidence or upon burden of proof where controverting evidence is introduced). "A presumption is simply a rule of law requiring the trier of fact to reach a particular conclusion in the absence of evidence to the contrary."); *Texas Water Rights Comm'n v. Wright,* 464 S.W.2d 642, 646 (Tex.1971); *Combined Am. Ins. Co. v. Blanton,* 163 Tex. 225, 353 S.W.2d 847, 849 (1962). The Texas Supreme Court, in *Combined Am. Ins. Co. v. Blanton*, 163 Tex. 353 S.W. 2d. 847 (1962) said:

> A presumption is an artificial thing, a mere house of cards, which one moment stands with sufficient force to determine an issue, but at the next, by reason of the slightest rebutting evidence, topples utterly out of consideration of the trier of facts. Cited in *Tomhave v. Oaks Psychiatric Hosp*., 82 S.W. 3d 381 (Tex. App. Austin, 2002).

12

Once sufficient evidence is produced to support a finding of the non-existence of the presumed fact, the case then proceeds as if no presumption ever existed. *Texas A & M Univ. v. Chambers,* 31 S.W.3d 780, 784-85 (Tex.App.-Austin 2000, pet. denied). That is, the presumption stands *only* in the absence of evidence to the contrary. *Temple Indep. Sch. Dist. v. English,* 896 S.W.2d 167, 169 (Tex.1995).

### D.    Minor's Settlement.

Because the Minor's settlement was addressed in Christopher Dean's October 5, 2011 Letter, the evidence noted herein establishes that the Rosenthal firm, and Christopher Dean had no authority to file a motion requesting the appointment of an ad litem. Accordingly, the judgment cannot be sustained by any recommendation by any Attorney Ad Litem.

### E. CONCLUSION

Function of Summary judgment is not the deprivation of a party's right to a full hearing on the merits of any real issue of fact, but "is the elimination of patently unmeritorious claims or untenable defenses." *Swilley v. Hughes*, 488 S.W.2d 64 68 (Tex. 2002). Review of a summary judgment under either a traditional standard or no evidence standard requires that the evidence presented by both the motion and the response be viewed in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors

13

could and disregarding all contrary evidence and inferences unless reasonable jurors could not. *Gish,* 286 S.W.3d at 310; *WalMart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex.2002); *Nixon,* 690 S.W.2d at 548, 549.

## PRAYER

For the reasons, and the evidence set forth herein, Appellants respectfully request that the Court grant this motion for rehearing, withdraw its opinion, reverse the trial court's judgment, and either render judgment for Appellants, or reverse and remand for a new trial.

Respectfully submitted,

/s/ *Mark Alvarado*

By: _____

Mark Alvarado
State Bar No. 01126520
Law Office of Mark Alvarado
9600 Escarpment Blvd., Suite 745
Austin, Texas 78749
Telephone: (512) 287-9469
Facsimile: 512-582-8651
alvarado_mark@hotmail.com
**ATTORNEY FOR APPELLANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties through their respective attorneys of record, in accordance with the Texas Rules of Civil Procedure, via efile.texcourts.gov electronic mail, and/or facsimile, on this the 29th day of July, 2015, as follows:

Merritt Clements
Strasburger
2301 Broadway St.,
San Antonio, Texas 75215
Phone (210) 250-6005
Fax (210) 258-2717
merrit.clements@strasburger.com
*Attorneys for Defendants Kansas City Southern Railway and Jose Juarez*

Donato D. Ramos, Sr.
Law Offices of Donato D. Ramos
P. O. Box 452009
Laredo, Texas 78045-2009
Phone (956) 722-9909
Fax (956) 727-5884

Lynn Watson
Rosenthal & Watson, P.C.
6601 Vaught Ranch Road, Suite 200
Austin, Texas 78730-2309
lwatson@rosenthalwatson.com
*Attorney for Intervenor Rosenthal & Watson, PC*

Matthew Wagner
Bartlett & Schober, P.C.
1611 Nueces Street
Austin, Texas 78701
512-474-7678
512-597-3510 Fax
mwagner@bartlettschober.com
*Attorney for Mr. Ron Satija*
*Trustee for Estate of Rosenthal & Watson, PC*

/s/ *Mark Alvarado*

_____
**Mark Alvarado**

15

*Ms. Luz Chavez*
*830 Purdue*
*Corpus Christi, Texas 78418*

Fax No: 956-523-5074

June 2, 2011

The Honorable Judge Oscar J. Hale, Jr.
State District Judge
406th Judicial District Court
1110 Victoria St. Suite 402
Laredo, Texas 78040

Re: Case # 2007 CVE 000347 D4.
Motion for Reconsideration

Dear Judge Hale:

On April 7, 2011 we had a hearing on the settlement the railroad says we have with them on our case. It was a hearing for my youngest son Joel's behalf. At that time I said that I did not accept the settlement agreement. I told you and the other lawyers that I no longer wanted Rosenthal & Watson to represent me and my family. I asked for time to find a law firm to represent us in our case against the railroad. At the April 7 hearing, I understood that I was going to have time to find a law firm. You gave us a date for a follow-up hearing on May 31, 2011 just for the purpose of me giving you an update (status) of our search for a law firm.

I filed a motion for continuance on May 31 with the district clerk before you had the hearing. I also faxed you a copy. In that motion I told you that I could not be at the hearing and I told you that we had not found a lawyer to represent us in this case yet. I also said that I have never accepted that settlement agreement. Mr. Rosenthal told me I accepted it, and I said no. His law firm and Chris Dean had no right to act like I had accepted it, or like any member of my family had accepted it. I signed that motion for continuance in front of a notary to prove what I was saying was the truth. I filed it the first day the district clerk's office was open after I received the railroad's motion from Lynn Watson last Saturday. Ms. Watson wanted to be sure I had seen it. She had to get a copy of it from the district clerk.

If I had heard at the hearing on April 7 that you were going to be letting the railroad file motions, and that you were going to decide them on May 31, 2011, I would have asked you to please wait until we found new lawyers and our new lawyers could answer them. The motion I filed yesterday answers the railroad's motion and it is the truth about the supposed agreement the railroad is trying to make us accept. It is the reason to deny the railroad's motion. You should not enforce an agreement that never happened. Whatever deal Mr. Rosenthal and Mr. Clements had was not one we agreed

102

to. I made that clear last August when he called me and anything those two lawyers did after that was done only between them without our permission.

With respect, I ask you to reconsider your decision yesterday where you granted the railroad's motion. The hearing on May 31 was only supposed to be for a status on our search for new lawyers. I answered the railroad's motion on the first day possible after I saw it. I gave you proof that no agreement exists between my family and the railroad in my letter that I signed in front of a notary. We are asking for fairness and for a continuance that is reasonable. The railroad had 6 or 7 months to have a hearing from the time they say we had an agreement, so we should have the same amount of time to find new lawyers. Please grant this motion and our motion for continuance without a hearing because there is no need for another hearing. Also, it would not be fair that I have to argue in court against lawyers.

I know you have many people come to your court everyday with cases that are important to their life. I ask that you take a moment to consider ours. With respect, please grant this motion and our motion for continuance on the railroad's motion now that you have my sworn statement that I filed May 31. I also ask that you take my sworn statement as proof to show that there was no agreement and dismiss the railroad's motion.

I will file this motion with the district clerk and I will send a copy of this to attorney Clements and attorney Maddux.

I am of sound mind and I swear that the facts I have stated in this letter are within my personal knowledge and that they true and correct.

_Luz Chavez_
Luz Chávez
June 7, 2011

Subscribed and sworn to before me on June 7, 2011.

_Diana H Chapa_
Notary Public in state of Texas

DIANA H CHAPA
NOTARY PUBLIC
State of Texas
Comm. Exp. 09-25-2011